No. 424

First Circuit

STATE EX REL. MARSHALL ARCEN-
EAUX v. BREAUX

(April 13, 1929.  Opinion and Decree.)
(May 7, 1929.  Rehearing Refused.)
(November 12, 1929.  Writ of Certiorari
and Review Reversed by Supreme Court
Docket No. 30,027.)

Mouton and Debaillon, and W. H. Dugas, of Lafayette, attorneys for plaintiff, appellee.

J. J. Davidson and A. W. Dalferes, of Lafayette, attorneys for defendant, appellant.

ELLIOTT, J.  Marshall Arceneaux claims to be the registrar of voters of the parish of Lafayette, his contention is based on an appointment by the Board of Registration, Commission of the Governor, and by having given bond and taken the oath required by law.

He alleges that George Breaux is unlawfully holding said office under an appointment by the police jury of the parish of Lafayette; that the appointment under which said Breaux holds the office is unconstitutional and null and void. He brought suit against said Breaux under the Intrusion into Office Act, Revised Statutes 2593 (amended Act 102 of 1928) to oust and remove him from said office, and to have himself inducted into the same under the appointment and commission which he claims.

The defendant excepted that plaintiff's petition disclosed no cause or right of action.  This exception was, by the court, referred to the merits.

Breaux then answered and set up that he was rightfully and legally in possession of said office by the appointment of the police jury. He attacks the appointment and commission under which the plaintiff claims, as being invalid and without legal effect. He prays that his right to the office be recognized and that the demand of the plaintiff be rejected.

There was judgment in favor of the plaintiff as prayed for.

The defendant has appealed.

The facts are admitted: George Breaux, registrar of voters, was, by the Board of Registration, on August 25, 1928, removed from office. He was thereafter on September 13, 1928, re-appointed by the police jury to succeed himself. The police jury claims to have acted under the Constitution of 1921, art. 8, sec. 18, and Act 122 of Acts of 1921, section 15 (amended Act 269 of 1926) enacted for the purpose of carrying the Constitutional provisions above mentioned into effect.

The Board of Registration, under the same article and section of the Constitution and act of the Legislature, took the position that the re-appointment of Breaux by the police jury was null and void, without effect and that the office was vacant, and appointed Marshall Arceneaux as registrar of voters for the parish of Lafayette.

The Arceneaux appointment bears date March 16, 1928. Arceneaux was commissioned by the Governor, gave bond, took oath as prescribed by the law and claimed the office, but Breaux refused to yield it to him. Breaux holds no commission from the governor and has not given bond under his appointment by the police jury nor taken the oath prescribed by law.

The situation calls for an interpretation of the meaning and effect of Article 8, Section 18 of the Constitution and Act 122 Section 15 (amended Act 269 of 1926) of 1921, as to the powers of the Board of Registration and police jury in the matter mentioned.

Breaux concedes that the Board of Registration has, and had, under the law, the power to remove, and that he was by the Board removed from said office on August 25, 1928, but he contends that his removal by the Board did not disqualify him from being re-appointed to the same office by the police jury as his own successor, citing in support of his contention the provision in the article and section of the Constitution mentioned, which reads:

"No Registrar of Voters shall be appointed or elected to any other office within 12 months after vacating that of Registrar."

He claims that the word "other" means that a registrar of voters may be re-appointed as his own successor within 12 months, but to no other office. He also cites the instance in which the Constitution expressly provides that certain officers cannot succeed themselves, and the maxim "expressio unius est exclusio alterius" as a supporting rule of legal construction.

The cases People of Sate of New York vs. John Ahearn, 196 N. Y. 221, 89 N. E. 930, 26 L. R. A. (N. S.) 1153, cited by relator, and State ex rel. Tyrell vs. Jersey City, 25 N. J. Law, 536, and the Wilkes Case, 2 Wils. (Eng.) 151 cited by defendant, are not accessible to us. The cases State vs. Dunn, 11 La. Ann. 549; State vs. Echeveria, 33 La. Ann. 709; State vs. Reid, 45 La. Ann. 162, 12 So. 189; State vs. Reid, 122 La. 590, 47 So. 912; and Saint vs. Irion, 165 La. 1035, 116 So. 549, cited by defendant, have no bearing on the present situation. They all, except the last mentioned,

are cases in which a tax collector claimed re-appointment or re-election after he had failed to account for certain taxes, and all, including the last cited, involved the application of special laws, which cannot govern the constitutional and legal provisions on which, the present suit depends. In fact, the quotations from the New York, New Jersey, and English cases cited show that in those cases the party claiming the office had been re-appointed or re-elected by the same power at whose hands he had received the office in the first instance, which is not the situation here. In this case George Breaux has an appointment at the hands of the police jury, but has not been commissioned by the Governor, given bond, nor taken the oath of office under the appointment which he claims; consequently, while he claims the office, he is really not in fact an incumbent, because qualification is necessary before official status commences.

The plaintiff, Arceneaux, has the official status, but Breaux has the office. The board has the power to appoint whenever the office of registrar is, for any cause, vacant for a period of 30 days. The vacancy in question is claimed to have existed because the police jury, with power to fill the vacancy, undertook to set at naught and nullify the board's power of removal.

Relator contends that if the police jury can immediately re-appoint the removed registrar as his own successor, then a removal cannot accomplish any reasonable end.

This contention is, in our opinion, well founded. It was not intended that the police jury should have power to render the removal of a registrar of voters ineffective. If the police jury could, as contended for by defendant, immediately re-appoint the registrar, which the board had removed, such power would conflict with that of the board and render their power of removal only a nominal and ineffective power, not a real power. The real power would be in the hands of the police jury.

Such a construction of the constitutional provision in question and of the act of the Legislature enacted for the purpose of carrying it into effect would be contrary to the evident intention of the Constitution on the subject. The only construction permissible is one that will render a removal effective. A removal would be ineffective if the police jury could immediately re-appoint such a party registrar to succeed himself.

It is claimed that under such a construction the board of registration may, if it sees proper, repeat its power of removal until it virtually dictates the appointment, and in that way deprive the police jury of their rights and discretion in the matter confided to them by the Constitution and law on the subject. That is a bare possibility, but the possibility that other constitutional officers charged with duties will violate their trust and disregard the public good and welfare also exists. Besides, it is not for the courts to amend, but to construe, the law as it is found to have been written.

In this case the board of registration could not have appointed Arceneaux unless, 30 days after Breaux's removal, the office of registrar remained vacant, by the action of the police jury in failing to fill the vacancy caused thereby.

We think the action of the police jury in re-appointing Mr. Breaux as his own successor after he had been removed was contrary to the intendment of the Constitution and law on the subject, and might be looked on by the board of registration as having no legal effect, and as being null

and void; that in such a situation the office was, from a legal standpoint, vacant 30 days after the removal and open for an appointment by the board, as was done.

The judgment appealed from is, in our opinion, correct.

Defendant and appellant to pay the cost in both courts.